# EXHIBIT 3

| | | |
|---|---|---|
| THOMAS W. PAYNE<br>ANDREW J. BRODER<br>CAROL L. FOSSEE<br>KENNETH A. KRASITY<br>LYNN STEVENS NAOUM | **PAYNE, BRODER & FOSSEE, P.C.**<br>ATTORNEYS AND COUNSELORS<br>32100 TELEGRAPH ROAD, SUITE 200<br>BINGHAM FARMS, MICHIGAN 48025-2454 | TELEPHONE<br>(248) 642-7733<br>FAX<br>(248) 642-7557<br>SENDER'S EMAIL:<br>abroder@ppbf.com |
| OF COUNSEL:<br>BURKE FOSSEE, III<br>RICHARD M. TAUBMAN | | |

October 18, 2013

Emily M. Petroski, Esq.
Jackson Lewis LLP
2000 Town Center, Ste. 1650
Southfield, MI 48075

RE: *Donna Porter, et al –vs- FSQ, Inc., et al*
USDC Case No. 2:13-cv-13855
Hon. Gerald E. Rosen

Dear Ms. Petroski:

This letter follows up our recent telephone discussion. It is my understanding that several of my clients received funds due to them from Five Star a few months after their employment ended with that company. Based on my recent communication with them (following your inquiry about my clients' claim as to funds owed to them from Five Star), I am able to inform you that Ms. Kim Dean believes she is owed some 23.85 hours in her extended illness bank. I have not yet heard from Ms. Doris McClelland. The other plaintiffs are not owed funds for wages or other benefits.

In order to avoid any misunderstanding, the information provided here concerns specific wages or other benefits owed by Five Star in connection with my clients' employment. Nothing here concerns the claim for damages my clients assert they are due in connection with their FMLA claims in the filed complaint, which is an entirely different issue.

Sincerely,

Andrew J. Broder

AJB/ngg
~~ENCLS~~
S:\ajb\white pine\Petroski-Let 101713



# Buckley-Norwood, Tiffany A. (Detroit)

| | |
|---|---|
| **From:** | Petroski, Emily M. (Detroit) |
| **Sent:** | Wednesday, December 18, 2013 2:36 PM |
| **To:** | Buckley-Norwood, Tiffany A. (Detroit) |
| **Subject:** | FW: the contract claim in the first amended complaint |



**From:** Andy Broder [mailto:abroder@ppbf.com]
**Sent:** Thursday, November 21, 2013 12:02 PM
**To:** Petroski, Emily M. (Detroit)
**Subject:** the contract claim in the first amended complaint

Ms. Petroski:

In line with our telephone discussion late yesterday, here is the situation with plaintiffs' contract claims:

1. One plaintiff (Kim Dean) believes she is owed several hundred dollars for the 23.86 of PTO hours which Five Star told her to roll over to the extended illness bank. She did so, with the specific understanding that she would be paid those funds.

2. Several of the plaintiffs had funds withheld from their last paychecks for their health insurance premiums, after they were notified that they would not have health insurance. They believe that the withholding of those funds was improper, and they believe the monies should be reimbursed.

The above represent the only contract claims the plaintiffs are asserting in this case. To be clear, the damages sought for the negative hiring decision by White Pine (coupled with the termination of employment by Five Star) are separate and distinct from the plaintiffs' small

and narrow contract claims.   I am prepared to sign a stipulation as to the above, so that the defendants will know what is, and is not, being pursued in this case.

Andy Broder

**Andrew J. Broder**
Payne, Broder & Fossee, P.C.
32100 Telegraph, Suite 200
Bingham Farms, MI  48025
(248) 642-7733 -- phone
(248) 642-7557 -- fax
abroder@ppbf.com

Nothing in this communication is intended to constitute an electronic signature, unless a specific statement to the contrary is included in this communication.

Nothing contained in this email is intended or written to be used, or can be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on such taxpayer under the Internal Revenue Code of 1986, as amended.  No one, without our express prior written permission, may use any part of this email relating to any Federal tax matter in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to one or more taxpayers.
This email and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or protected from disclosure under applicable law.  Nothing in or related to this email, or any attached file, shall be deemed to waive or diminish the protection of the attorney-client privilege or the attorney work product rule.  If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction.  Please notify the sender, by email or telephone, of any unintended recipients and delete the original message without making any copies.

**Buckley-Norwood, Tiffany A. (Detroit)**

| | |
|---|---|
| **From:** | Petroski, Emily M. (Detroit) |
| **Sent:** | Thursday, December 19, 2013 8:20 AM |
| **To:** | Buckley-Norwood, Tiffany A. (Detroit) |
| **Subject:** | Fwd: Breach of Contract Claim |

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

**From:** Andy Broder <abroder@ppbf.com>
**Date:** December 19, 2013, 8:18:50 AM EST
**To:** "Petroski, Emily M. (Detroit)" <emily.petroski@jacksonlewis.com>
**Subject: Breach of Contract Claim**

Emily:

I believe that there are two unresolved issues related to the breach of contract matter:

1. The PTO matter for one of my clients. As you and I have discussed previously, she was told to roll over her compensable time to be "banked" and subsequently was advised that it was lost as a result of the closure. That does not seem proper.

2. The matter of health insurance is still too murky for me to stipulate to dismiss it. It is my understanding that several of my clients were charged for insurance for May 2013, despite the fact that it was cancelled. But there is some added confusion: it seems that the company advised some employees that the insurance was being cancelled at the end of April, but then it may have remained in effect for some period of time (although the employees did not know it). My intention is to send an interrogatory to Five Star aimed at getting to the bottom of this issue. Obviously, that claim is not substantial, but for folks who have lost their jobs and are out of work, it is nonetheless important to them.

Andy

**Andrew J. Broder**
Payne, Broder & Fossee, P.C.
32100 Telegraph, Suite 200
Bingham Farms, MI  48025
(248) 642-7733 -- phone
(248) 642-7557 -- fax
abroder@ppbf.com

Nothing in this communication is intended to constitute an electronic signature, unless a specific statement to the contrary is included in this communication.

Nothing contained in this email is intended or written to be used, or can be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on such taxpayer under the Internal Revenue Code of 1986, as amended.  No one, without our express prior written permission, may use any part of this email relating to any Federal tax matter in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to one or more taxpayers.
This email and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or protected from disclosure under applicable law.  Nothing in or related to this email, or any attached file, shall be deemed to waive or diminish the protection of the attorney-client privilege or the attorney work product rule.  If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction.  Please notify the sender, by email or telephone, of any unintended recipients and delete the original message without making any copies.