UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA PORTER, *et al.*,

    Plaintiffs,

v.

FIVE STAR QUALITY CARE-MI, LLC,
and FARMINGTON NURSING, LLC,

    Defendants.
_____/

Case No. 13-13855
Hon. Gerald E. Rosen
Magistrate Judge Mark A. Randon

## OPINION AND ORDER REGARDING PARTIES' OBJECTIONS TO MAGISTRATE JUDGE'S JANUARY 23, 2014 ORDER AND FEBRUARY 5, 2014 AMENDED ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY DISCOVERY

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    March 3, 2014

PRESENT: Honorable Gerald E. Rosen
                Chief Judge, United States District Court

In an order dated January 23, 2014 and an amended order issued on February 5, 2014, Magistrate Judge Mark A. Randon granted in part a motion brought by Defendant Five Star Quality Care-MI, LLC ("Five Star") seeking a stay of discovery until the Court rules on its pending motion to dismiss or for summary judgment.[1] Specifically, the Magistrate Judge allowed Plaintiffs to proceed with the depositions of two individuals, Candle Meyers and Jeannette Reichner, but otherwise determined that discovery should

---

[1] The Magistrate Judge also denied Plaintiffs' motion to compel discovery, but no objections have been lodged to this aspect of the Magistrate Judge's orders.

be stayed until Five Star's pending motion is resolved.

Both sides now object to aspects of the Magistrate Judge's ruling.  First, Plaintiffs argue that the Magistrate Judge's orders unfairly prevent them from conducting discovery that is essential to their effort to fully and fairly respond to Five Star's dispositive motion. They further contend that the Magistrate Judge's orders erroneously deny them the opportunity to pursue discovery in support of their claims against co-Defendant Farmington Nursing, LLC,[2] even though this co-defendant has not filed a dispositive motion or otherwise taken any action that would warrant a stay of discovery.[3]  For its part, Defendant Five Star objects that the Magistrate Judge erred in permitting Plaintiffs to conduct even limited discovery, where Plaintiffs have purportedly failed to demonstrate a need for any such discovery in order to respond to Five Star's pending dispositive motion.[4]

---

[2]This co-defendant does business under the name of White Pine Rehabilitation & Healthcare of Farmington.  The parties refer to this entity as "White Pine" in their submissions to the Court, and the Court will do likewise in the remainder of this opinion.

[3]Plaintiffs also lodged a third objection that the Magistrate Judge's initial January 23, 2014 order failed to incorporate one of the rulings announced by the Magistrate Judge at a January 23, 2014 hearing on Five Star's motion for a stay of discovery.  The Magistrate Judge's amended February 5, 2014 order addresses this issue, however, and Plaintiffs have now withdrawn this objection.

[4]Five Star also objects that the Magistrate Judge erroneously made a "verbal determination" at the January 23, 2014 hearing that Plaintiffs' counsel had not engaged in impermissible *ex parte* contact with Candle Meyers, the former human resources manager at the Five Star facility in Farmington Hills, Michigan where Plaintiffs worked prior to the discharges giving rise to this suit.  The challenged statement of the Magistrate Judge, however, has not been reflected in either of the January 23, 2014 or February 5, 2014 orders now under consideration, nor does it have any bearing on the Court's disposition of the parties' objections to the rulings in the Magistrate Judge's orders.  Moreover, Five Star's counsel expressly asserted at the January

As a threshold matter, the Court views the parties' arguments in support of their objections as inordinately focused on a tangential issue. In particular, much of the parties' briefing is devoted to the question whether Plaintiffs have sufficiently demonstrated a need for discovery in order to respond to Five Star's pending motion to dismiss or for summary judgment. If this were truly the key issue in resolving the parties' objections to the Magistrate Judge's orders, the Court would be inclined to conclude that Five Star has the better of the argument. First and foremost, Five Star's pending motion rests primarily on the pleadings, and is almost entirely amenable to resolution under the standards of Fed. R. Civ. P. 12(c). Although this motion is accompanied by some materials outside the pleadings — consisting largely of documents relating to Five Star's sale of the Farmington Hills nursing home where Plaintiffs were employed to co-Defendant White Pine — the arguments advanced in Five Star's motion turn almost exclusively on pure questions of law. As to Plaintiffs' claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.,* for example, Five Star argues that Plaintiffs' allegations of actions "in concert" between Five Star and White Pine do not give rise to any viable theory of recovery against Five Star for employment decisions made by White Pine after it acquired the Farmington Hills facility from Five Star.

---

23 hearing that this issue of allegedly improper *ex parte* contact was not before the Court and had not been raised in a pending motion or sufficiently briefed by the parties, (*see* 1/23/2014 Hearing Tr. at 21-22), nor has the matter since been raised in a motion or otherwise presented for the Court's resolution. Accordingly, the Court sees no reason to weigh in on the Magistrate Judge's purported "verbal determination" at the January 23 hearing, as Five Star surely will have the opportunity for full briefing and fresh consideration by the Court in the event that it elects to pursue this matter through an appropriate motion.

Against this backdrop, it is not surprising that Plaintiffs have had considerable difficulty in identifying a need for discovery in order to respond to Five Star's motion. In their objections to the Magistrate Judge's orders, Plaintiffs suggest that their discovery efforts will establish (i) that prior to the transfer of operations of the Farmington Hills facility from Five Star to White Pine, Five Star employees "assembled and provided to White Pine very specific information about plaintiffs' FMLA actions during their Five Star employment," and (ii) that White Pine then relied on this history of Plaintiffs' FMLA leaves "either to decline to offer employment to plaintiffs or to terminate plaintiffs' employment within a few days after they were hired by White Pine." (Plaintiffs' Objections, Br. in Support at 7-8.) Yet, Plaintiffs' complaint includes these very same allegations of information sharing and actions taken "in concert" by Five Star and White Pine to "retaliate against the Plaintiffs for their exercise of FMLA rights," (First Amended Complaint at ¶¶ 18-19), and Five Star does not challenge the truth of these allegations in its pending motion. Rather, Five Star contends that despite these allegations of action "in concert," there is no basis in the law for charging Five Star with liability for employment decisions made by White Pine after Five Star ceased to operate the Farmington Hills facility. (*See* Five Star's Objections, Br. in Support at 15 (arguing that Plaintiffs "have not provided any legal authority to establish that [their allegations of collusion], even if true, would lead to the denial of" Five Star's motion).) It is on this question of law that the resolution of Five Star's motion will turn, at least with respect to Plaintiffs' FMLA claims, and Plaintiffs have failed to explain why discovery is needed in order to identify

4

legal support for their FMLA-based theory of recovery against Five Star.

Nonetheless, while the parties devote almost the entirety of their attention and effort to the question whether Plaintiffs have satisfied the standards set forth in Fed. R. Civ. P. 56(d) and the corresponding case law for allowing a party to conduct additional discovery before responding to a summary judgment motion, the Court views this debate as largely beside the point at the present juncture. As explained, while Five Star's motion is brought in part under Rule 56, it is most properly construed as a challenge to the pleadings under Rule 12(c). The question, then, is not whether Plaintiffs can establish an *entitlement* to discovery under Rule 56(d), but whether a *stay* of the ordinary course of discovery is warranted by virtue of Five Star's filing of a Rule 12(c) motion to dismiss the claims asserted against it.

Turning to this issue, the Court finds that Five Star has failed to identify a sufficient basis for a stay of discovery. Five Star's underlying motion for a stay rests on the proposition that it should not be called upon to "incur undue burden and expenses in defending against this action," in light of Five Star's contention that the claims asserted against it lack a legal basis and are subject to dismissal. (Five Star's 1/16/2014 Motion to Stay Discovery at ¶¶ 11, 13.) It is not the usual practice of this Court, however, to order a stay of discovery solely on the ground that a defendant has filed a motion to dismiss. *See Flagg v. City of Detroit,* No. 05-74253, 2008 WL 787039, at *3 (E.D. Mich. Mar. 20, 2008). Other courts likewise have recognized that "[t]he mere filing of a dispositive motion . . . does not warrant the issuance of a stay [of discovery] under Rule 26(c)."

5

*Hayes v. Liberty Mutual Group Inc.,* No. 11-15520, 2012 WL 1564697, at *7 (E.D. Mich. May 2, 2012); *see also Morien v. Munich Reinsurance America, Inc.,* 270 F.R.D. 65, 67 (D. Conn. 2010); *Spencer Trask Software & Information Services, LLC v. RPost International Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *United States v. County of Nassau,* 188 F.R.D. 187, 188 (E.D.N.Y. 1999).

Beyond the virtue of adherence to its customary practice, the Court finds that a number of other considerations militate against a stay of discovery here.  First, Five Star's pending motion is not wholly dispositive of the case; rather, Plaintiffs would be entitled to proceed with their claims against White Pine no matter how the Court rules on Five Star's motion, and a stay of discovery would unduly delay this remaining portion of the litigation.  *See Flagstar Bank, FSB v. Federal Insurance Co.,* No. 05-70950, 2006 WL 2311121, at *3 (E.D. Mich. Aug. 9, 2006) (noting that because only one of the two defendants had filed a summary judgment motion, "a stay of discovery with respect to [this defendant] would likely delay the entire case").  Next, in light of Five Star's sale of the Farmington Hills facility to White Pine and the grant of FMLA leave to Plaintiffs while they were employed by Five Star, it is reasonable to expect that Five Star and individuals employed by this company will remain involved, at least to some extent, in the discovery phase of this case, even if Five Star's motion to dismiss is granted and it is no longer a party to the suit.[5]  Indeed, as to the "burden and expenses" incurred by Five

---

[5]In fact, Five Star observes that it has already produced a significant number of documents in response to a discovery request served by Plaintiffs near the outset of this

6

Star through its participation in these discovery efforts, it is Five Star's position, as asserted in a crossclaim against co-Defendant White Pine, that White Pine is obligated to reimburse Five Star for these expenses under an indemnification provision in the purchase agreement through which Five Star sold the Farmington Hills facility to White Pine. Thus, it would appear that Five Star is better protected than most litigants against the potentially unnecessary discovery burdens and expenses incurred by a party who has filed a Rule 12(b)(6) or Rule 12(c) motion to dismiss.

Finally, it is worth noting that this case amply illustrates one of the reasons why this Court is reluctant to stay discovery pending the outcome of a motion to dismiss. A request for a stay often engenders precisely the sort of dispute engaged in by the parties here, with the requesting party seeking to demonstrate the weakness of the claims against it and the inevitability of its dismissal from the suit, while the opposing party catalogues the myriad issues of fact it wishes to explore in discovery and argues that at least some of these efforts should be allowed to proceed. The Court then is compelled to follow the parties down this blind alley and wade through their submissions on a peripheral matter having nothing to do with the merits, rather than devoting its time and resources to a prompt resolution of the pending dispositive motion. This is precisely what has happened

---

litigation. In addition, Five Star's charge of improper *ex parte* communications by Plaintiffs' counsel rests on the premise that at least one of the individuals who Plaintiffs seek to depose, Candle Meyers, qualifies as a "represented party" who may be contacted by Plaintiffs' counsel only with the consent of counsel for Five Star. (*See* Five Star's Objections, Br. in Support at 18-21.) Evidently, then, even if Five Star is dismissed as a party, it intends to remain involved in the discovery process in this case, in order to exercise control over at least some of the individuals from whom Plaintiffs will seek discovery.

here, and the Court readily concludes that it is time to refocus the attention and efforts of the parties on the speedy and efficient resolution of this suit on its merits.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' February 4 and February 8, 2014 objections (docket #s 45 and 48) to the Magistrate Judge's January 23, 2014 order and February 5, 2014 amended order are SUSTAINED IN PART, to the extent that Plaintiffs challenge the limited stay of discovery imposed in the Magistrate Judge's orders. In light of this ruling, the parties are directed to immediately recommence their discovery efforts in accordance with the Court's December 18, 2013 scheduling order.[6] In addition, Plaintiffs are instructed to file a response to Defendant Five Star's January 16, 2014 motion to dismiss or for summary judgment within *fourteen (14) days* of the date of this opinion and order.[7]

Next, IT IS FURTHER ORDERED that Defendant Five Star's February 6, 2014 objections (docket #47) to the Magistrate Judge's order and amended order are

---

[6] In the course of their various submissions to the Court, the parties have expressed their views that one or the other of them is entitled to take certain depositions or obtain certain discovery responses before the opposing party may pursue its desired discovery efforts. The parties are cautioned that the Federal Rules of Civil Procedure do not mandate a certain sequence of discovery, nor is this Court inclined to dictate that the parties' discovery efforts proceed in a particular order. Rather, the Court expects the parties and their counsel to promptly and cooperatively resolve any scheduling or sequencing disputes that have arisen to date, so that all desired discovery efforts may be timely commenced before the existing May 30, 2014 discovery cutoff date.

[7] Likewise, co-Defendant White Pine is directed to file a response to Five Star's January 16, 2014 motion for summary judgment on its crossclaim against White Pine within *fourteen (14) days* of the date of this opinion and order.

OVERRULED. In light of this and the other rulings in this opinion and order, IT IS FURTHER ORDERED that Defendant Five Star's February 18, 2014 motion for a stay of the Magistrate Judge's orders or for expedited consideration of its objections to these orders (docket #50) is DENIED AS MOOT.

       s/Gerald E. Rosen
       Chief Judge, United States District Court

Dated: March 3, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 3, 2014, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5135